SUPREME COURT.·

ELIZABETH WILLIAMS agt. ROBERT MILLER.

An action for *a breach of promise of marriage* is within the class specified in the *first* subdivision of the 129th section of the code, where the summons is issued in conformity therewith. It is an action arising on contract, and is for the recovery of money only.

*Albany Special Term, August,* 1849.—This action is brought to recover damages for the breach of an alleged promise of marriage. The summons is in conformity with the *first* subdivision of the 129th section of the code, and specifies $5000 as the sum for which the plaintiff will take judgment, if the defendant fail to answer. A motion was made by the defendant to set aside the summons, on the ground that the notice required to be inserted therein should have been under the *second* subdivision of the 129th section, instead of the first.

M. PECHTEL, *for defendant.*

H. HOGEBOOM, *for plaintiff.*

HARRIS, Justice.—I see no ground upon which this motion can be sustained. The action is clearly within the class specified in the *first* subdivision of the 129th section. It is an action arising on contract—of this there can be no doubt. It is also for the recovery of money—no other relief is sought. It does not, therefore, belong to the "*other actions*" to which the *second* subdivision of the section applies. It is true that the

proceeding upon default, provided in the first subdivision of the 246th section, do not seem entirely appropriate to the nature of an action like this. If the complaint is sworn to, the plaintiff, upon the defendant's failure to answer, becomes absolutely entitled to judgment for the amount of damages specified in the summons. If the complaint be not sworn to, it then becomes the duty of the clerk, a duty somewhat delicate and novel, I admit, " *to ascertain the amount which the plaintiff is entitled to recover from her examination under oath, or other proof.*" It may be that the Legislature would have excused the clerk from the performance of this duty in this particular class of cases, had it been brought to their attention; but the provisions referred to relate to actions on contract generally, and this being such an action, is not excepted from the general provision; and perhaps it is well enough that it is so. It may not, in every case, be a pleasant duty for the clerk, yet I have no doubt it will generally be discreetly performed. The motion must be denied, but without costs.